IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiffs,

vs.

ARNOLD HASKINS,

      Defendant.

Case No. 98-cr-40119-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendant Arnold Haskins' *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 156), and (2) counsel's motion to withdraw and no merits statement (Doc. 162).

On October 29, 199, this Court sentenced Haskins to 18 months imprisonment, followed by a term of supervised release, for conspiracy to distribute crack cocaine and distributing crack cocaine. Haskins served his sentence and commenced his term of supervised release. In 2008, he violated the terms of his supervised release. Accordingly, this Court revoked Haskins' supervised release and sentenced him to 12 months and 1 day imprisonment, followed by 60 months supervised release. Haskins served the term of imprisonment this Court imposed on him during his first revocation. In 2010, he violated the terms of his supervised release. The Court again revoked Haskins' supervised release and sentenced him to 36 months imprisonment with no additional term of supervised release. When Haskins filed the instant motion, he was serving the term of supervised release imposed as a part of the second revocation sentence. Haskins was released from custody on January 22, 2013.

Haskins now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

As for the second criterion, the Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendment 750 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, not all defendants whose sentences were based on involvement with crack cocaine are eligible for such a reduction. For example, the application notes to U.S.S.G. § 1B1.10 provide that only defendants imprisoned as a result of an "original" sentence qualify for a § 3582(c)(2) sentence reduction. *See* U.S.S.G. § 1B1.10 app. n.4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009).

Haskins is no longer incarcerated. Accordingly, his motion is moot. *See United States v. Gardner*, 99-cr-30022-DRH, 2010 WL 1541586, at *1 (S.D. Ill. Apr. 15, 2010). However, even if Haskins were still serving his term of imprisonment imposed for violating his second term of supervised release, his motion is without merit. Haskins was serving punishment imposed as the result of a sentence imposed via a revocation proceeding, not an original sentence. Thus, a reduction of Haskins' sentence would have been inconsistent with the policy statement set forth in U.S.S.G. § 1B1.10, therefore not authorized by 18 U.S.C. § 3582(c)(2). Accordingly, the Court **DISMISSES** defendant's motion (Doc. 156) and **GRANTS** counsel's motion to withdraw (Doc. 162).

**IT IS SO ORDERED.**

**DATED:** July 30, 2014

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**